**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:05mj368**


| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **vs.** ) | **ORDER** |
| ) | |
| **JAVIER CONSTANTINO FIGUEROA** ) | |
| _____ ) | |


**THIS MATTER** is before the Court upon the government's Notice Of Appeal And

Motion For Revocation And Stay of the Magistrate's Order  (Doc. No. 4).  For the reasons stated

below, the Court will REVOKE the release order and detain the defendant pending trial.

The defendant was arrested on December 29, 2005, on a complaint charging possessing

marijuana and cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); and

possessing firearms in furtherance of that drug trafficking crime, in violation of 18 U.S.C. §

924(c). (Doc. No. 1: Complaint).  The magistrate judge ordered the defendant's release on

conditions after a hearing on January 13, 2006. (Doc. No. 6: Order).

At the hearing, the government presented information contained in the affidavit filed in

support of the Complaint.  That information established reason to believe that the defendant was

operating a drug trafficking operation from his residential trailer in Conover, North Carolina.

Significantly, law enforcement agents found two handguns in close proximity to cocaine,

marijuana, digital scales, $1,500 cash, and property of the defendant when they executed a state

search warrant at the trailer in December 2005.  The defendant presented information that he had

been married for ten years, had three children, and was a lawful permanent resident.  However, in

a monitored jail telephone call, the defendant discussed living with his girlfriend for the past five months. Without making findings regarding the applicable presumption of detention, 18 U.S.C. § 3142(e), the magistrate judge ordered the release of the defendant with electronic monitoring, his wife as third-party custodian, and prohibitions against contacting his girlfriend and returning to the trailer. The government appeals that decision.

A district court is required to make an independent, de novo determination when acting on a motion to revoke or amend a magistrate judge's pretrial release order. United States v. Stewart, 19 Fed. Appx. 46, 48 (4th Cir. 2001)(citing United States v. Rueben, 974 F.2d 580, 585-86 (5th Cir. 1992). However, a district court is not required to hold an additional evidentiary hearing as part of its review. United States v. King, 849 F.2d 485, 489-90 (11th Cir. 1988); United States v. Hare, 873 F.2d 796, 799 (5th Cir. 1989).

The Court has carefully conducted a de novo review of the evidence presented before the magistrate judge and the entire record in this case and finds the magistrate judge's decision to release the defendant was in error. The proof offered by the defendant fell well below that required to rebut the presumption of detention applicable to the charges in this case. Even if the presumption had been rebutted, the Court would find that the defendant presents a danger to the community and a risk of flight warranting his detention.

The nature of this offense combined drug trafficking with firearms, which the courts have recognized as extremely dangerous. Muscarello v. United States, 524 U.S. 125, 132, 118 S. Ct. 1911, 141 L. Ed.2d 111 (1998); United States v. Lomax, 293 F.3d 701, 706 (4th Cir. 2002). 18 U.S.C. § 3142(e)(1). The evidence against the defendant is strong, given the evidence that drugs and firearms were found near to the defendant's known property in a trailer identified by his

landlord as the defendant's residence. Additionally, a disinterested neighbor described a pattern of the defendant's conduct consistent with drug trafficking. 18 U.S.C. § 3142(e)(2). The defendant appears to have made false exculpatory statements to law enforcement. He does not have significant criminal history, but his repeated failure to appear for court on driving-related charges shows a pattern evincing a disrespect for the law. 18 U.S.C. § 3142(e)(3)(A). The defendant's ties to the community are questionable in light of the evidence that for the previous five months the defendant had been separated from his wife and living with a girlfriend. Finally, there is a substantial risk that the defendant will flee. His mother and some siblings live in Mexico and his father travels back and forth from North Carolina to Mexico. The defendant is aware that he is possibly subject to deportation if convicted in this case; therefore, he has great incentive and resources not to appear for court in this case.

Thus, if the presumption of detention had been rebutted, the Court would find by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of the community if the defendant were released. The Court would further find by a preponderance of the evidence that no condition or combination of conditions would reasonably assure the appearance of the defendant as required.

**IT IS, THEREFORE, ORDERED** that the magistrate judge's release order (Doc. No. 6) is **REVOKED** and the defendant is committed to the custody of the Attorney General.

**IT IS FURTHER ORDERED** that, to the extent practicable, the defendant shall be confined in a corrections facility separate from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an

attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States marshal for the purpose of an appearance with a court proceeding.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: January 20, 2006

Robert J. Conrad, Jr.
United States District Judge